In the Matter of the Marriage of

STEVENS,
*Respondent,*
*and*

STEVENS,
*Appellant.*

(87C-30237; CA A47008)

765 P2d 836

William B. Wyllie, Salem, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Husband appeals from a judgment of dissolution entered November 30, 1987. He assigns as error the trial court's finding about the parties' respective percentages of income and the resulting order requiring him to pay $325 per month child support.

The parties' 1986 joint income tax return showed husband's wages as $23,909.23 and business losses of $6,848.03, with a taxable income of $17,061.20. The return showed wife's wages and taxable income as $22,258.52. At trial, husband testified that his wages in 1987 would be the same as 1986, or slightly lower, and that he was no longer involved in the business which caused the losses. Wife testified that her wages in 1987 would be higher than in 1986, between $24,000 and $25,000. We find that the parties' 1987 earning capacity was approximately $24,000 for husband and $24,500 for wife.

The court awarded custody of the only child to wife, with reasonable visitation by husband. The child's estimated monthly needs are $500. The court required husband to pay child support based on the combined net earning capacity of the parties and the needs of the child. *Smith v. Smith,* 290 Or 675, 684-85, 626 P2d 342 (1981). The court based its calculation on the parties' 1986 net income, not on the evidence of their current earnings. The ratio should have been 49 percent to husband and 51 percent to wife, resulting in a monthly child support payment of $245 by husband.

Judgment modified to provide child support payable by husband of $245 per month, beginning September 5, 1987; affirmed as modified. No costs to either party.